20-10002-CV JEM

Memorandum of Law

FILED BY _____ D.C.

JAN 30 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Harlem Suarez
Reg. No. 06262-104
USP Lee
P.O. Box 305
Jonesville, VA. 24263

1-21-2020

Ground one:
Whether Mr Suarez was competent to stand trial (understand the proceedings presented to Him)

At any time after the commencement of a Prosecution for an offense and prior to the sentencing of the defendant or at any time after the commencement of Probation or supervised release and prior to the completion of the sentence. The defendant or the attorney for the government may file a motion for a Hearing to determine the mental competency of the defendant. While There was a competency Hearing provided to mr Suarez the determination of His competency was wrongly decided

Doctor Arias, a clinical psychologist, testified that He Had evaluated Mr Suarez on a couple occasions (DE.90:12) He stated that a non-verbal intellectual measure of Mr Suarez I.Q Place [o] in what is called the borderline slash Low average range (190:13) He also stated that Mr Suarez mental problem may Have stemmed from receiving insufficient oxygen during Birth (DE 190:14). Yet The Court still determined that The defendant was competent to understand the

procedings.
Before Him and To stand Trial. Dr arias also Testifield (1), often Time whe [an] individual retreats into fantasy [ ] is Because it's a very difficult Time To deal with reality, so fantazy offers That escape from reality... in This particular case Mr Suarez fantasy was feeling Powerful, a feeling of recognition a feeling of being able To be noticed for something other Than Past failcores. That have occurred Throughout His Lifestyle (De 190:17-18) and (2) That most Likely Than not Mr Suarez mother Talked Him out of Taking a plea deal To a Lesser included offence (De 190:20) Mr Suarez was not competent To stand Trial. It is why He relied on His mothers decizion with not accepting a plea agreement

For The foregoing reasons above, This court Should vacate Mr Suarez conviction and reevaluate His competency

3

Ground Three: Whether mr Suarez provided material support or resources To a designated Foreign Terrorist organization

Mr Suarez was convicted of violating 18 U.S.C 2339 B (a)(1) 18 U.S.C 2339B (a)(1) provides whoever Knowingly provides material support or resources To a Foreign Terrorist organization or attempts or conspires To do so, shall be fined under This Title or imprisoned not more Than 20 year or both, and if The death of any person results shall be imprisoned for any Term of year or for Life

To violate This paragraph a person must have Knowledge That the organization is a designated Terrorist organization (as defined in subsection (g)(6), That The organization has engaged or engages in Terrorist activity (as defined in section 212 (a)(3)(B) of The immigration and Nationality Act [8 USCS 1182 (z)(3)(B)] on That The organization has engaged or engages in Terrorism (as defined in section 140 (d)(2) of The foreign relations authorization Act, fiscal years 1988 and 1989 [22 USCS 2656F (d)(z)]).

4

It is clear that prior to the governments involvement of using an undercover inform and Mr Suarez had no direct contact involvement or coordination with a foreign terrorist organization, Neither of the two agents were actual "ISIS" members Mr Suarez simply downloaded publicly available videos and documents produced by ISIS The evidence of his conduct cannot suffice to prove that he conspired, nor attempt to provide material support or resources to a foreign terrorist organization Mr Suarez actions were not in Coordination with" or for that matter at the direction of "ISIS" The requisite mental state for conspiracy is knowledge of the basic agreement's" and " an intent to commit the underlying substantive offense " see U.S. v. Garcia-Pastrama 584, F. 3d 351, 343 ( 1 3D Cir. 2009 ( quoting U.S. V. Brandon 17 F. 3d 409, 428 ( 1st Cir. 1994) Undercover officer never stated that the were in fact members of ISIS The supreme court has

made clear that the federal in question does not penalize associating with a foreign terrorist organization or even "vigorously promoting and supporting the political goal of such a group. See Holder v. Humanitarian Law project 130 S. Co 2730 (2010) was operating from an apartment he shared with his parents

5

He created a Facebook account under an alias in which he pretended to be a muslim and on which he re-posted propaganda from what appears to be ISIS. There was no contact or coordination with a Foreign Terrorist organization, he simply cut and pasted images and text and reposted propaganda that he found online. Mr Suarez only contact was not member of ISIS

According to Humanitare Law project 130 S.CT. at 2726 This Court must vacate the judgment of The Court

Ground for
Whether mr Suarez without Lawful authority used Threatened or attempted or Conspired to use a weapon of mass destruction

Mr Suarez Conduct did not Have The requite impact on interstate commerce as required by federal Law interstate commerce is an essential element with in state in question

18 U.S.C 2332 a (a)(2)(D) Provide

A person who without Lawful authority, uses Threatens or attempts or cospired to use a weapon of mass destruction, (2) against any person or property without The United State "and" (emphisis added) The offence, or The results of The offense Affect interstate or foreign commerse, or, in The case of a Treat attempt or a conspiracy would Have affecte interstate or foreign Commerce

The Term" interstate or foreign Commerce includes any movement or Transportation of Peresons, Goods, wares, merchandise, securitles or money From one State into another States or Between The United States and any Place outside The United States

6

Mr Suarcee neigther affected Nor would Have affected interstate or Foreign commerce with his conduct while The defendant did in fact, attempt To accept a Bomb and make use of it. His conduct was never said nor conducted outside of The Key West The Supreme court Has noted " Three Broad categories of activity That congress may regulate" under The commerce clause 1) The use of The Channels of interstate commerce, 2) The instrument alities of interstate commerce and 3) activities Having a substantial relation To interstate commerce .... i.e Those activity That Substantially affect interstate commerce United Stated v. Lopez, 514 U.S. 549, 558-559, 115 S. CT. 1624, 1629-1630 (1995) (Emphasis)

See also morrison 529 U.S. at 608-609, 120 S.Ct. at 1749 Trial Testimony of one edwin swift was mere speculation and should not have been admitted. The only evidence That The government Presented as To any Possible effect on interstate commerce was far Too speculative (DE 199.9) (DE 199-15) The Testimony falls for short of proving any possible diminshed effect on interstate commerce, Let alone The substantial effect required by The supreme court's decision in Lopez see Lopez, 514 U.S AT 558-559 115. S.Ct 1629-1630 See morrison 529 U.S. at 608-609, 120S.CT.at 1749

Because The government failed To prove The interstate nexus Beyond a reasonable Doubt as required by 18 U.S.C 2332 a (a)(z)(D) This Court must vacate Mr Suarez Conviction and remand The case To The District Court

7

Ground: Whether Mr. Suarez's attorney was ineffective During His Representation.

Two:

To obtain relief on this claim, Mr. Suarez bears the burde of demonstrating that (1) His "counsels representation fell below an objetive standard of reason ableness," and (2) a reasonble probability exist that but for counsel's Professional conduct, the result of the Proceeding would Have been different." Huynh, 95 F.3d at 1056 (citing Strickland v. Washington, 466 U.S. 668, 689, 104 S.CT. 2052, 80 L.E.d.2d 674 (1984). Had mr Suarez's counsel made aware the seriousness of His mental state during the officers investigation, The Trial, and the influence His mother had in his decision to not accept a plea agreement for a lesser offense and a lighter sentence.

a fair assessment of attorney performance requies that every effort be made to eliminate the distorting effects of [hindsight], to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from His counsel's perspective at The Time."); Huynh, 95 F.3d at 1056. The court determind that the defendant was competent to understand the proceedings before Him. When in fact, it was appearant that (considering the doctor's evaluation) He was so misunderstood about the proceedings before Him that he accepted His mother's (who's not an attorney) advice. Had His (mr. Suarez) attorney adviced Him properly, He would Have understood that The Plea agreement was in fact in His best interest and would Have given Him a lighter sentence of 20 years in adoition, A " reasonable probability" is a Probability "sufficient to undermine confidence in the outcome" of the proceeding. The outcome would have been clearly different Had mr. Suarez's attorney stressed the importance of the defendant mental state to jury or properly informed the defendant That it is in His best interest to listen and accept His Lawyer's not His mother's, advice regarding Legal matters Mr. Suarez was so misunderstanding about the Legal Process before, during, and after Trial That He Has

8

Paid other inmates with no understanding of the Law to aid Him

For The foregoing reasons above, Mr. Suarez's conviction should not stand. Also at This Time Mr. Suarez request an attorney to Help with further proceedings so That He may understand What's going on



HarLem Suarez
06262 104
USP Lee
P.O Box 305
Jonesville, VA, 24263

Legal m

United
Southern
3B   Office of
Room 2
400 NoR7

U.S. PENITENTIARY - LEE COUNTY
PO Box 900 - Jonesville, VA 24263
DATE  1-23-2020

*Special / Legal Mail*

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, then you may wish to return the material for further information for forwarding, if sender is not in the above address, please return the enclosed to the above address.

