UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10002-CV-MARTINEZ
(14-10009-CR-MARTINEZ)
MAGISTRATE JUDGE REID

HARLEM SUAREZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255. [ECF No. 7]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Harlem Suarez**, is an incarcerated federal prisoner currently serving a lifetime term of imprisonment without parole following his conviction in a trial by jury in the United States District Court Southern District of Florida, **Case No. 14-10009-CR-MARTINEZ**. [ECF No. 7 at 1]. The jury found Movant guilty of one count of attempting to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2) (Count 1), and one count of attempting to provide material support to a foreign terrorist organization[1], in violation of 18 U.S.C. § 2339B(a)(1) (Count 2). [*Id*.]. Movant filed a timely appeal and raised five claims on appeal, including two claims he now seeks

---

[1] Movant was charged with attempting to provide support to the Islamic State of Iraq and the Levant, also known as the Islamic State, ISIS, and ISIL.

to relitigate in these collateral proceedings. On appeal, Movant's conviction and sentence were affirmed in all respects and his petition for writ of certiorari was denied on January 7, 2019. *See United States v. Suarez*, 893 F.3d 1330, 1332 (11th Cir. 2018), *cert. denied*, ___ U.S. ___, 139 S. Ct. 845 (2019).

On December 30, 2019, Movant timely filed his original Motion to Vacate brought pursuant to 28 U.S.C. § 2255. [ECF No. 1]. Movant filed the instant Amended Motion to Vacate on January 21, 2020. [ECF No. 7]. Respondent filed an Answer in opposition to Movant on March 24, 2020 [ECF No. 11], and a Supplemental Answer on May 6, 2020. [ECF No. 14]. Movant filed his Reply on May 19, 2020. [ECF No. 15]. This cause is now ripe for review by the Court.

Pursuant to the Rules Governing Section 2255 Proceedings, the Court "must promptly examine" Movant's Motion to Vacate. Rules Governing Section 2255 Proceedings, R. 4(b). Upon examination of the pleadings, and the record in Movant's criminal case, the Amended Motion appears to be meritless. Accordingly, as further discussed below, the Undersigned **RECOMMENDS** that the Amended Motion to Vacate [ECF No. 7] be **DENIED**.

## II.     Discussion

A.     Standard of Review of Section 2255 Motions

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise

3

precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro, supra*.).

B.  Analysis of Movant's Claims

In the Amended Motion to Vacate, Movant raises four claims as summarized below:

1. Movant was incompetent and did not understand the trial proceedings;

2. Movant's received ineffective assistance of counsel because his counsel failed to object to prejudicial jury instructions and failed to ask the Court to reconsider its competency determination;

3. Movant did not attempt to provide material support to a foreign terrorist organization because there was no evidence he had contact with a designated foreign terrorist organization; and

4. Movant did not attempt to use a weapon of mass destruction because the government did not prove the interstate nexus beyond a reasonable doubt at trial.

[ECF No. 7].

A review of Movant's claims, the parties pleadings, and the record in the underlying criminal case indicates that Movant's first claim is procedurally defaulted, his second claim, which really consists of two subclaims, is meritless, and his third and fourth claims were litigated and adversely decided on direct appeal and are barred from collateral review. Accordingly, as discussed below, all his claims should be denied.

**Claim 1: Competency**

Movant's first claim can be liberally construed to argue that he was legally incompetent and did not understand the trial proceedings. [ECF No. 7-1 at 2-3]. Movant's claim is procedurally defaulted and meritless.

While Movant now claims that he was incompetent, the record in Movant's underlying criminal case shows that he had a competency evaluation [CR-ECF Nos. 44, 46] and further stipulated that he was competent to proceed. [CR-ECF No. 47]. Moreover, because Movant did not preserve this claim by objecting at the trial court or appellate court levels, the claim is procedurally defaulted. *See Murray*, 477 U.S. at 490-92.

To overcome the procedural default, Movant must either show "cause" and "prejudice," or "that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). However, "actual innocence means factual innocence, not mere legal insufficiency," and Movant's competency has nothing to do with his factual innocence. *Id.* at 623.

In Movant's case, he cannot establish cause and prejudice, nor can he establish that he is actually innocent, and it is Movant's burden to prove his claims in a § 2255 motion. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citing *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014)).

Movant cannot establish "cause" because he provides no factual support for his failure to raise this claim on direct appeal. Thus, he fails to meet his burden and this claim should be dismissed as procedurally defaulted. *See id.* at 1316 (citations omitted).

Second, while the Court need not reach it, Movant also cannot show "prejudice" because he was not incompetent. The Court found that Movant was "mentally competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense," and Movant stipulated as such. [CR-ECF Nos. 44, 47].

Finally, Movant cannot demonstrate actual innocence, because his competency claim has nothing to do with his factual innocence and is separate from his sufficiency of the evidence arguments in Claims 3 and 4. Accordingly, this claim should be denied as procedurally defaulted.

**Claim 2: Ineffective Assistance of Counsel**

Movant's second claim can be liberally construed to make two sub-claims: (1) his counsel was ineffective for failing to object to prejudicial jury instructions; and (2) his counsel was ineffective for failing ask the Court to reconsider its earlier competency determination. [ECF No. 7-1 at 11-13]. Both sub-claims are meritless and should be denied.

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both[2] (1) that his counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). In order to satisfy the prejudice requirement, the movant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. Here, Movant can prove neither and the claims should be denied.

As to Movant's first sub-claim, Movant fails to meet his burden of proof and does not even identify the prejudicial instruction or discuss how it impacted the proceedings. The only sentence Movant provides with respect to this sub-claim is that "my attorney failed to jury instructions (sic) that prejudiced me with jurors." [ECF No. 7 at 5]. This bare and conclusory allegation is insufficient to meet *Strickland*.

As to Movant's second sub-claim, counsel's performance was not deficient because Movant's claim is factually incorrect and meritless. The record confirmed he was not incompetent and was able to assist in his own defense. Movant provides no evidence showing that anything changed with respect to his competency between the judicial finding of competency before trial and his sentencing. An attorney's performance is not deficient when they fail to raise a frivolous argument. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (stating that counsel is not

---

[2] If a movant cannot meet one of *Strickland's* prongs, a court need not address the other prong. *See, e.g., Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 697).

ineffective for failing to raise a non-meritorious objection); *see also Strickland*, 466 U.S. at 688, 690.

Movant's sub-claim, liberally construed, also faults his counsel for not trying hard enough to convince Movant to follow his advice to accept the plea offer. [ECF No. 7-1 at 11-12]. However, the record clearly shows that Movant was adamant about going to trial, despite his counsel's advice that he should accept the offer. While Movant makes bare and conclusory allegations to the contrary, the uncontroverted record and the recently unsealed transcripts indicate that counsel repeatedly told Movant he should plead guilty, but Movant refused because he maintained that he was not guilty. He told counsel he would not plead guilty even if the resulting sentence would be time served. [ECF No. 14-1]. Movant's claim now that he would have accepted a twenty-year sentence should be denied.

### Claims 3 and 4: Insufficiency of the Evidence

Movant's third and fourth claims challenge the sufficiency of the evidence to establish the elements of the offense. [ECF No. 7 at 7-8]. Movant raised identical claims on direct appeal. *See Suarez*, 893 F.3d at 1333-35.

In rejecting his challenge to Count 1, the Eleventh Circuit held that because 18 U.S.C. § 2332a contains a jurisdictional element, the government need only show a minimal effect on interstate commerce to support § 2332a jurisdiction, and that based on the testimony presented, a reasonable jury could find at least a minimal effect on interstate commerce. *See id.* at 1334. As for his challenge to Count 2, the Eleventh Circuit held that it was irrelevant that Movant did not actually make contact with ISIS, because the law only required that Movant directed (or attempted to direct) his services to ISIS. *See id.* at 1335.

7

Movant may not use this collateral challenge to relitigate already denied claims raised on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing *United States v. Natelli*, 553 F.3d 5, 7 (2d Cir. 1977)). Accordingly, Movant's third and fourth claims should be denied.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that Movant's Amended Motion to Vacate [ECF No. 7] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 11th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**; and

    **Harlem Suarez**
    06262-104
    Lee-USP
    United States Penitentiary
    Inmate Mail/Parcels
    Post Office Box 305
    Jonesville, VA 24263
    *PRO SE*